[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 8, 1996, the court heard argument on a motion to strike (#116) filed by "the plaintiff," Linda Tatum, on May 28, 1996. The memorandum of law filed in support of this motion to strike recites in the fact section that "Linda Tatum instituted this action on behalf of Raven Tatum, her minor child."
The defendant, Citicorp Mortgage, Inc., argues in its memorandum of law in opposition to the motion to strike that the "defendant must be permitted to raise by special defense that the conduct of the plaintiff, Linda Tatum, a party to the action, was the sole, if not the substantial cause for the minor plaintiff's injuries." (Emphasis added.) Later in the same memorandum, the defendant argues that the conduct of Laura Tatum as set forth in the special defense, addresses a relevant and material issue . . . and the conduct of Laura Tatum should and must be considered by the Court as a special defense to the minor plaintiff's claimed injuries." (Emphasis added)
Contrary to the statement in the memorandum in support of the motion to strike that this action was instituted by Linda Tatum on behalf of Raven Tatum, her minor child, the writ of summons in this action filed on April 19, 1995, lists as the plaintiffs Laura Tatum and Laura Tatum, PPA Tatum, Raven. The complaint CT Page 5930 attached to the summons alleges in count one that "[t]he plaintiff, Laura Tatum, is a resident of New Haven, Connecticut. She is the grandmother and guardian of Raven Tatum . . . ." Furthermore, the caption on the complaint reads "Laura Tatum individually and on behalf of Raven Tatum." An identical caption and allegations are contained in the revised complaint filed on June 14, 1995.
There is nothing in the file, e.g., a motion to cite in, to indicate that Linda Tatum was ever made a plaintiff in this action or to explain the change in the caption of various pleadings filed by both the plaintiffs and the defendant from the above referenced caption to "Linda Tatum, et al. vs. Citicorp Mortgage, Inc., et al."
Therefore the motion to strike filed by Linda Tatum, which challenges a special defense raised against the plaintiff Laura Tatum, is not properly before this court, since Linda Tatum is not a party to this action. The motion to strike is denied.
Howard F. Zoarski State Trial Referee